Dear Mayor Cockerham:
This is in response to your opinion request concerning the use of the proceeds of a property tax millage which generated funds in excess of the amount needed to retire the bonds which it secured.
In your request, you state that the Town of Ridgecrest issued public improvement bonds, Series A in the amount of $49,000, Series B in the amount of $49,000, and Sewer District #I in the amount of $49,000, all three issues maturing on June 1, 1983.
The assessment of this property tax millage has been discontinued; however, a surplus was generated in an amount exceeding $15,000. You request whether it would be permissible for the Town to combine all tax bond funds and utility bond funds and pay all outstanding indebtedness on June 1, 1982, which includes the three issues mentioned above and a Utility Revenue Bond.
Act No. 444 of the 1981 Regular Session, adding Section 159.1 of Title 9 of LOUISIANA Revised Statutes, provides for the use of monies remaining in the account of a sinking bond fund after the project for which the bonds were sold has been completed; however, the provisions of this Section do not apply to general obligation bonds and therefore do not apply to your situation.
As you set forth in your request, the excess is minimal and it would not be reasonable to consider returning the proceeds to the taxpayers on a pro rata basis.
Concerning the use of similar excess taxes, this office rendered an opinion on June 19, 1974, Number 74-805, which provides in part as follows:
 "If a surplus is accumulated despite efforts not to do so, then it is the opinion of this office that a pro rata return of the surplus tax proceeds should be made to the taxpayers when practicable. In some instances a pro rata return would not be practicable, e.g., when the expenses involved in the return would amount to a larger sum than the amount to be returned. When a return is practicable, however, such pro rata return should be made to every tax payer possible beginning with the last year's tax roll and going back to each previous year in order. Amounts refundable that cannot be refunded for whatever reason should be set aside according to year. This process should be followed until funds are exhausted.
When a surplus is accumulated and it is not practicable to make a pro rata return, or there are amounts left over after an effort at complete pro rata return, then such funds may be transferred to the general fund and used for any purpose similar to the purpose for which the bonds were authorized to be issued, e.g., such unreturnable funds may be applied to the next year's debt service or used on another drainage project. To use the surplus for an entirely different purpose would not be in keeping with authorization received at the polls, and to say that the surplus funds could not even be used for a similar purpose would result in idle funds."
The foregoing considered, it is the opinion of this office that the Town of Ridgecrest is legally empowered to utilize these surplus tax funds to retire the Series A, Series B and Sewer District #I bonds along with the utility revenue bonds of the Town.
This office suggests that along with all other considerations, your town consider the rate of interest being earned on these excess sinking fund monies compared with the interest being paid on the debt to be retired, before utilizing the funds to retire said bonds.
If this office can be of further assistance to you in this regard, please do not hesitate to contact me.
Sincerely,
 William J. Guste, Jr. Attorney General
 By David E. Henderson Assistant Attorney General